# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

NATHAN JENSEN,

       Plaintiff,

vs.                             No. CV 17-01237 RB/SCY

WARDEN MATT ELWELL and
SANDOVAL COUNTY DETENTION CENTER,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court under Fed. R. Civ. P. 12(b)(6) on the

Complaint (Tort) filed in New Mexico State Court by Plaintiff Nathan Jensen and removed to

this Court by the Defendants on December 15, 2017. (Doc. 1.) The Court grants Defendants'

Motion to Dismiss for failure to state a claim for relief under Rule 12(b)(6), dismisses Plaintiff's

federal claims, and declines to exercise supplemental jurisdiction over any state-law claims. The

Court also grants Plaintiff Jensen leave to file an amended complaint within 30 days.

### Factual and Procedural Background

Plaintiff Nathan Jensen is a federal prisoner with several convictions and pending

charges. *See* No. CR 08-00682 WJ (D.N.M. 2008), No. CR 16-02694 WJ (D.N.M. 2016), and

No. CR 17-02566 WJ (D.N.M. 2017).[1] At the time he filed his Complaint in this case, he was a

pretrial detainee housed at the Sandoval County Detention Center. His most recent charges stem

---

[1] Plaintiff Jensen also has several prior New Mexico state charges and convictions. See State of New Mexico case nos. D-202-CR-2002-03436, D-202-CR-2002-03409, D-202-CR-2007-05366, and D-202-CR-2007-05545.

from a charged assault on a federal employee at the Sandoval County Detention Center. *See United States v. Jensen*, No. CR 17-02566 WJ, Doc. 22 (D.N.M. Dec. 13, 2017).

Plaintiff Jensen filed his Complaint (Tort) in the Thirteenth Judicial District Court, County of Sandoval, State of New Mexico, on October 2, 2017. (Doc. 1-2.) His Complaint names as Defendants Warden Matt Elwell and the Sandoval County Detention Center. (*Id.* at 1.) The Defendants removed the case from the Thirteenth Judicial District Court to this Court on December 15, 2017, on the grounds that the allegations of the Complaint are in the nature of civil rights claims under 42 U.S.C. § 1983. (Doc. 1 at 1–2.) The Defendants also filed a Motion to Dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (Doc. 3.)

Plaintiff Jensen describes the nature of his action as: "Degrading, humiliating & inhumane treatment, making me shower while I was handcuffed, making me spend my hour recreation handcuffed & denied me all correspondence. That's cruel & unusual punishment." (Doc. 1-2 at 1.) In support of his Complaint, Jensen sets out the following facts:

> Every day since Saturday, January 4th, 2017 through Wednesday, January 18th, 2017 I have been forced to take showers and spend my hour recreation time handcuffed. I am locked in a cage already while I shower and I am locked in a recreation room so its not right to keep me handcuffed too. What's the point? Only to degrade & humiliate me. That's inhumane and against my rights as an inmate. They also didn't give me my property and didn't let me have incoming mail or let me send outgoing mail. When I asked why the COs said the Warden Matt Elwell said I have nothing coming and I stay cuffed when I am out of my cell. January 18th, 2017 I got everything back.

(*Id.* at 2.) Plaintiff Jensen's Prayer for relief states:

> I would like for the Court to award me $10,000 each day I was degraded, humiliated & treated with cruel & unusual punishment. A total of $120,000. By granting this the Warden and Sandoval County Detention Center will understand that they cannot get away with treating their detainees inhumanely, disrespectful or with no rights.

(*Id.* at 3.)

## Standard for Failure to State a Claim

Plaintiff Jensen is proceeding pro se. The Court may dismiss a pro se prisoner's complaint for failure to state a claim upon which relief may be granted under Fed.R.Civ.P. 12(b)(6). A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Twombly*, 550 U.S. at 555; *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Okla. Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The Court liberally construes the factual allegations in reviewing a pro se complaint. *See Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants, and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall*, 935 F.2d at 1110.

## Analysis of Plaintiff Jensen's Claims

In their Motion to Dismiss, Defendants Warden Matt Elwell and Sandoval County Detention Center seek dismissal under Fed. R. Civ. P. 12(b)(6) on the grounds that the

Complaint fails to state a federal civil rights claim for relief. (Doc. 3.) Defendants argue that Sandoval County Detention Center is not a suable entity under 42 U.S.C. § 1983, and there is no § 1983 respondeat superior liability against Warden Elwell. (*Id.* at 3–5.) The Defendants also contend that the Complaint does not adequately allege any state law cause of action under the New Mexico Tort Claims Act and, alternatively, any Tort Claims Act claims should be dismissed based on immunity and lack of notice. (*Id.* at 7–12.)

Section 1983 is the exclusive vehicle for vindication of substantive rights under the U.S. Constitution. *See Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006). Section 1983 provides:

> Every **person** who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983 (emphasis added). Only a "person" may be held liable under § 1983.

Plaintiff Jensen names the Sandoval County Detention Center as a Defendant in this case. (Doc. 1-2 at 1.) As a general rule, a detention facility is not a person or legally created entity capable of being sued. *White v. Utah*, 5 F. App'x. 852, 853 (10th Cir. 2001). The courts have consistently held that a detention center is not a suable entity in a § 1983 action. *Apodaca v. N.M. Adult Prob. & Parole*, 998 F. Supp. 2d 1160, 1190 (D.N.M. 2014). A detention center is not a suable entity because it is not a "person" within the meaning of 42 U.S.C. § 1983. *Gallegos v. Bernalillo Cty. Bd. of Cty. Comm'rs*, 272 F. Supp. 3d 1256, 1264–65 (D.N.M. 2017). The Complaint fails to state a civil rights claim for relief against Sandoval County Detention Center.

Plaintiff also names Warden Matt Elwell as a Defendant. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and the violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008). Nor do generalized statements that defendants caused the deprivation of a constitutional right, without plausible supporting factual allegations, state any claim for relief. *Id.*

Jensen contends that he was subjected to cruel and unusual punishment when, for a period of 12 days, he was kept in handcuffs whenever he was out of his cell, he was not given his property, and he was not allowed to send or receive mail. (Doc. 1-2 at 2.) The only specific allegation regarding Defendant Elwell states "[w]hen I asked why the C.O.s said the Warden Matt Elwell said I have nothing coming and I stay cuffed when I am out of my cell." (*Id.*)

At the time of the underlying events, Jensen was a pretrial detainee, and his allegations

relate to the conditions of his pretrial confinement.

> In evaluating the constitutionality of conditions or restrictions of pretrial detention that implicate only the protection against deprivation of liberty without due process of law, we think that the proper inquiry is whether those conditions amount to punishment of the detainee. For under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law.

*Bell v. Wolfish*, 441 U.S. 520, 535–36 (1979) (citations omitted). "Absent a showing of an expressed intent to punish on the part of detention facility officials," or excessive restraint in excess of the circumstances, the conditions do not violate due process. *Id.* at 538 (citations omitted).

Requiring an inmate to shower in handcuffs or ankle shackles does not, alone, evince a constitutional violation. *See*, *e.g.*, *Branham v. Meachum*, 77 F.3d 626, 631 (2nd Cir. 1996) (requiring an inmate on "lockdown" to shower while wearing leg irons does not state a claim under the Eighth Amendment); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (requiring an inmate who had assaulted prison guards and fellow inmates to shower while wearing handcuffs and ankle shackles does not state a claim under the Eighth Amendment). Analyzed under either an Eighth or Fourteenth Amendment standard, "[d]etermining that a particular inmate poses a security risk to fellow inmates and to corrections personnel, and requiring that inmate to wear . . . wrist restraints, is certainly within" the constitutional discretion of correctional officials. *Sanders v. Hopkins*, 131 F.3d 152, 1997 WL 755276, at *2 (10th Cir. Dec. 5, 1997).

Although Plaintiff Jensen makes conclusory, rhetorical statements questioning the purpose of the handcuffing, he does not allege any actual facts showing an intent to punish on the part of Warden Elwell or any of the unnamed correctional officers. *See Bell*, 441 U.S. at 538–39. The Complaint fails to allege plausible facts and to state any individual claim for relief or any

supervisory liability against Warden Elwell. *See Branham*, 77 F.3d at 631; *LeMaire*, 12 F.3d at 1457; *Robbins*, 519 F.3d at 1249–50.

The Complaint is factually insufficient and fails to state any claim for § 1983 relief. *See Twombly*, 550 U.S. at 570. The Court will dismiss the Complaint and grant Jensen the opportunity to file an amended complaint specifying individuals, the individualized actions at Sandoval County Detention Center, and how Jensen claims those actions resulted in violation of constitutional rights. *See Hall*, 935 F.2d at 1110, n.3 (pro se litigants are to be given a reasonable opportunity to remedy defects in their pleadings). The amended complaint must state the facts of each separate claim and why Plaintiff believes Plaintiff's constitutional rights were violated. Jensen should include names of individual defendants and their official positions, a description of their actions, and relevant dates, if available. *See Robbins*, 519 F.3d at 1249–50.

The Court also grants Plaintiff Jensen leave to reassert any state law claims if he amends his Complaint to allege a proper federal claim for relief. Any amended complaint must be filed with the Court within 30 days of entry of this Memorandum Opinion and Order. If Jensen fails to file an amended complaint within 30 days, the Court may enter dismissal of the federal claims with prejudice and without further notice.

### State Law Claims

Plaintiff Jensen originally filed his Complaint in the Thirteenth Judicial District Court of the State of New Mexico. He alleges that he is proceeding under the New Mexico Tort Claims Act, N.M. Stat. Ann. 41-4-1–30 (1978). (Doc. 1-2 at 1.) Jensen also alleges that he gave notice of his claim to Risk Management Division on January 21, 2017. (*Id.* at 3). While not conceding that the Complaint states a claim for relief under the Tort Claims Act, Defendants seek dismissal of any state-law claims on the grounds of lack of any waiver of immunity and failure to give proper

notice. (Doc. 3 at 7–12.) The Court denies Defendants' Motion to Dismiss to the extent it seeks dismissal of Tort Claims Act claims and, at this time, declines to exercise jurisdiction over state-law claims.

Within the supplemental jurisdiction granted by 28 U.S.C. § 1367, a federal court has subject-matter jurisdiction over certain state-law claims. A district court's decision whether to exercise supplemental jurisdiction after dismissing all claims over which it has original jurisdiction is discretionary. *See* § 1367(c). Under § 1367(c), the district courts may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. *Osborn v. Haley*, 549 U.S. 225, 245 (2007); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, (2006).

The Supreme Court has stated that needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. *United Mine Workers of Amer. v. Gibbs*, 383 U.S. at 715, 726 (1966). When all federal claims have been dismissed, a district court may, and usually should, decline to exercise jurisdiction over any remaining state claims. *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011); *Smith v. City of Enid ex rel. Enid City Comm'n,* 149 F.3d 1151, 1156 (10th Cir. 1998); *Young v. City of Albuquerque*, 77 F. Supp. 3d 1154, 1185 (D.N.M. 2014).

This Court is dismissing all federal claims in this case. The Court will decline to exercise supplemental jurisdiction over Plaintiff Jensen's remaining state-law claims, if any. The Court is granting Jensen the opportunity to amend to state a federal claim for relief. If Jensen fails to file an amended complaint that states a federal claim for relief, the Court will remand those state-law claims to state court for adjudication.

**IT IS ORDERED:**

(1) Plaintiff Nathan Jensen's Motion for Hearing & Time, Appointment of Counsel for Plaintiff (Doc. 5) is **DENIED**;

(2) The Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss (Doc. 3);

(3) All federal claims in Plaintiff Nathan Jensen's Complaint (Tort) (Doc. 1-2) are **DISMISSED** without prejudice for failure to state a claim for relief under Fed. R. Civ. P. 12(b)(6); and

(4) Plaintiff Nathan Jensen is **GRANTED** leave to file an amended complaint within 30 days of entry of this Memorandum Opinion and Order.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE